Ingraham, P. J.
The relators ask for a mandamus commanding the board to pass upon and allow the claim of the relators for work and labor and materials done and furnished to the hall of records, in the year 1871.
The account of the relators had been audited by the board of supervisors in June, 1871, and the comptroller was directed to pay it. That was not done by the comptroller, for want of money appropriated therefor, and the account remained unpaid.
By the act of 1872, (ch. 9,) the board of audit, &c., was created. This board was directed to make appropriations for the expenses of the city and county of New York, from the 1st of January, 1872, to the 30th of April, 1872. By the second section, the comptroller was authorized to make payment of the claims remaining unpaid" for 1871, for supplies and materials furnished during that year, for the purposes of the various departments of said city. To provide for such payments the comptroller was authorized to issue bonds, on which money was to be raised.
The auditing by the board of supervisors in 1871, was an allowance of the claim at that time, and when funds are provided for the payment of such claims, no further auditing would be required. No subsequent board of supervisors would be authorized to require the same to be audited a second time. The first auditing would be conclusive upon the first board and them successors.
But the statute of 1872 did not provide means for the payment of any claims audited by the board of supervisors of 1871. That act provided for a sale of bonds for a specific purpose, and only authorized the comptroller to pay claims which had been audited and allowed *166 by the board of audit. If the relator wished his claim to be paid out of the fund provided by the sale of bonds under that act, he was required to submit such claim for auditing, as well as allowance by that board. The comptroller could pay no other claim from such fund, and the board could allow no claim which they did not audit. The relators were not obliged to submit their claim to that board ; but if they did not, no provision was made under that act for its payment; and until such claim was audited by the new board its payment by the comptroller was unauthorized.
The relators claim that the board should pass and allow the claim at the rate adopted by the board of supervisors. Such was not the direction of the statute.
• The board was to audit. This duty they must perform.They cannot omit it, and allow the claim without auditing.
Where any body is directed bylaw to audit a claim, I very much doubt the propriety of any order of a court directing the amount at which such claim should be allowed, except in cases of salaries and claims where the amount to be recovered is fixed by statute. In other case's, the board to audit, must settle the amount to be allowed.
The judge who heard this motion, suggested that a mandamus might issue directing the board to audit the claim. This the relators would not accept. / This .was more favorable than they were entitled to, under their" application. It is a rule applicable to the writ of mandamus that if the relator asks for more than he is entitled to, the application should be denied. -
I think the order appealed from was correct, and should be affirmed, with $10 costs.
Brady, J. The relators applied to the board of audit created by the act of 1873, to which the chief justice refers in his opinion, and their application was subject *167 to the rules of law by which that tribunal must be governed. It became their duty to audit this claim; that is, to hear, to examine, to pass upon, to settle and adjust it; and in order to do so, it was necessary that some deliberation should be had with reference to it. The board accepting such evidence as, in the exercise of their functions, would be sufficient to establish its validity. They doubtless might regard the former audit as an adjudication, and seek nothing further; but they were not obliged to do so. The comptroller, under the act, was not required to pay any other than the claims audited by the new board, and the relators, when they sought to limit them in the exercise of their judicial duty, placed themselves beyond the pale of the statute. They could only avail themselves of its provisions by compliance with its terms.
[First Department, General Term, at New York,
November 4, 1872.
Ingraham and Brady, Justices.]
I think the order appealed from should be affirmed, and concur, therefore, with the chief justice.