THE PEOPLE ex rel. EUGENE KETTELTAS, APPELLANTS, v. ARTEMUS S. CADY, CLERK OF ARREARS, RESPONDENT.

*Mandamus — application for too broad — effect.* ·

When an applicant for a mandamus asks for more than he is entitled to, the application is properly denied, though the applicant may be right in other respects.

APPEAL from an order denying a motion that a mandamus issue against the defendant (clerk of arrears in the city of New York), requiring him to render bills of arrears of assessments, with interest calculated at the rate of twelve per cent per annum from the

* Sess. Laws 1872, chap. 580.

† Lennon case, 55 N. Y., 361; Matter of Antwerp, same court; In re Mayer, 50 N. Y., 504.

date of the act making them valid, instead of from the time when the assessments came due.

*Neville & Andrews*, for the relator.

*E. Delafield Smith*, for the corporation.

Brady, J.:

The appellant, assuming that the assessments referred to were void, but legalized by act of the legislature, and that he was therefore not liable for interest upon the amount of his assessments, prior to the day on which the act was passed, demanded from the respondent, who is the clerk of arrears, a bill of each of his assessments, with interest calculated from that day. The assessments were imposed, respectively, on the 27th April, 1871, and 1st September, 1869. The act mentioned was passed May 7th, 1872. The respondent having refused to comply with his request, he applied for a mandamus to compel the former, not only to make out the bills in the manner required by his request, but to receive the amount of the bills, give receipts therefor, and to mark in his record of arrears that the assessments had been paid. He thus sought to relieve himself of the interest which might be charged from the time when each assessment, if legal, was confirmed. He made no tender of any amount. He received no bills stating the sum to be paid, and, without waiting until a bill was rendered, gave instructions as to the manner in which it should be made up for each assessment, and at the same time required the respondent to receive the amount thus ascertained, and thereupon to cancel the assessments on the records in his office. A statement of this proceeding is quite sufficient to show the propriety of the order made at Special Term denying his motion. The demand made, required the clerk of arrears to adjudicate upon the question of interest, and in accordance with the appellant's interpretation of the statute of 1872, and then to perform a duty, on receiving the payment, which is not imposed upon him by any statute or ordinance to which our attention has been called. If the appellant were right in other respects, he must fail, because he asked more than he was entitled to.[*] The statute of 1853 [†] requires the clerk of arrears to furnish

[*] People v. Green, 64 Barb. Rep., 162.          [†] Laws 1853, p. 1065.

bills of arrears, and declares that his receipt thereon shall be conclusive evidence of such payment, countersigned by the comptroller, whose duty it is to cause to be kept a duplicate account of the amounts collected. It is not enjoined upon him to cancel the assessment, although such a practice doubtless exists for the convenience of the department, and for the benefit of the public. The receipt, countersigned as suggested, is made conclusive evidence for the payer, and this is all he can demand of the respondent. It is not necessary to consider here the effect of the statute of 1872, the appellant's proceedings being radically defective. It is proper, however, to suggest that the statute named confirms the assessments, generally, and not from any date. The order made at Special Term should be affirmed, with ten dollars costs.

Davis, P. J., and Daniels, J., concurred.

Order affirmed.