### TYLER *v.* BOARD OF SUPERVISORS OF TOMPKINS COUNTY.

(*Supreme Court, General Term, Fourth Department.* July, 1891.)

1. ACTING SURROGATE—COMPENSATION.

   Relator's intestate was elected special county judge of T. county, under Laws N. Y. 1858, c. 279, which authorizes the election of such special county judge "to discharge the duties of county judge and surrogate of said county in case of vacancy, in the absence or other inability of such officer," and provides that he shall receive for the services rendered by him under the provisions of this act such compensation as shall be allowed to him by the board of supervisors in said county. *Held*, that intestate's right to act in the absence of the surrogate was conferred by the act of 1858, and not by Code Civil Proc. § 2484, which provides that, in the absence of the surrogate of any county, the duties of the office must be discharged by the special county judge, where "special provision is not made by law for the discharge of the duties of his office in that contingency;" and hence his compensation is regulated by the act of 1858, and not by Code Civil Proc. N. Y. § 2493, which provides that an officer who acts as surrogate "as prescribed in the last 9 sections" must be paid for the time he so acts a compensation equal *pro rata* to the salary of the surrogate.

2. SAME—PROOF OF AUTHORITY.

   The requirement of Code Civil Proc. N. Y. §§ 2487, 2488, that the absence or disqualification of the surrogate must be proved either by the certificate of the surrogate or by an order of a justice of the supreme court, which order must also recite the cause of the making thereof, and must designate the officer to discharge the surrogate's duties, is a condition precedent to the authority of an officer specified by section 2484 to act as surrogate.

3. SAME—UNAUTHORIZED ACTS—RATIFICATION.

   A special county judge discharged the duties of surrogate during the absence of the surrogate, without proving his authority so to act, as required by Code Civil Proc. N. Y. §§ 2487, 2488. Afterwards Laws N. Y. 1889, c. 221, was enacted, legalizing the acts performed by the special county judge acting as surrogate. *Held*, that the effect of such statute was only to make the special county judge's acts as surrogate legal as to third persons, and did not charge his *status* so far as compensation was concerned.

4. SAME—AMOUNT OF COMPENSATION.

   Code Civil Proc. N. Y. § 2493, which provides that an officer acting as surrogate "must be paid for the time during which he so acts a compensation equal *pro rata* to the salary of the surrogate," authorizes such compensation only while the officer is acting as surrogate, and not when he is not so acting.

Appeal from special term, Tompkins county.

Applications by Moses C. Tyler, as administrator of John Tyler, deceased, for *mandamus* to the board of supervisors of Tompkins county to compel the allowance of a claim of $208.33 for services alleged to have been rendered by

decedent as acting surrogate of Tompkins county. In the year 1888 John Tyler was the special county judge of the county of Tompkins, receiving a salary as such. From February 9, 1888, to March 8th of the same year, Hon. MARCUS LYON, the county judge and surrogate of that county, was absent from the county. During his absence the special county judge on certain days performed acts of an official character as acting surrogate. On other days he neither performed nor assumed to perform any official acts whatever. He was a practicing lawyer in Ithaca, had a separate office, and occasionally during the time went to the county judge's office and performed acts as surrogate. There was a duly-appointed clerk of the surrogate's court during all that time, who received a salary from the county. The salary of the Tompkins county judge and surrogate is $2,500 per annum. No order or proof was obtained or made, as required by sections 2487, 2488, of the Code of Civil Procedure, authorizing or entitling the special county judge to act as surrogate of Tompkins county. On the 17th of November, 1888, John Tyler presented to the board of supervisors of Tompkins county a duly-verified .claim for $208.33 as compensation for the services alleged to have been rendered. This claim was for the entire time the county judge was absent. It was rejected by the board. Subsequently the legislature passed an act legalizing the official acts performed by John Tyler as acting surrogate between January 1, 1886, and January 1, 1889. Laws 1889, c. 221. John Tyler died in the month of August, 1889, in the state of Michigan, where he then resided, leaving a last will and testament. On November 1, 1890, ancillary letters of administration with the will annexed were duly issued to Moses C. Tyler within this state. The ancillary administrator on the 12th of November, 1890, presented this claim to the board of supervisors, and it was again rejected. Thereupon Tyler, as such administrator, procured an order to show cause before a special term of this court why a *mandamus* should not issue to compel the board of supervisors to raise by taxation an amount sufficient to pay such claim. Upon the return of the order to show cause the respondent appeared, and certain affidavits were read in opposition to the application of relator. The motion was denied, and relator appeals.

Argued before MARTIN and MERWIN, JJ.

*William N. Noble,* for appellant.     *William A. Finch,* for respondent.

MARTIN, J. Section 16 of article 6 of the constitution of the state of New York provides: "The legislature may, on application of the board of supervisors, provide for the election of local officers, not to exceed two in any county, to discharge.the duties of county judge and of surrogate, in cases of their inability, or of a vacancy, and to exercise such other powers in special cases as may be provided by law." In pursuance of this provision of the constitution, the legislature, in 1858, passed an act declaring that there should be elected in Tompkins county a local officer "to discharge the duties of county judge and surrogate of said county in cases of vacancy, or the absence or other inability of such officer." This act, after stating that such officer should be a counselor at law of the supreme court, and that he should possess certain powers and perform certain duties, provided that he should be designated as "special county judge," and "shall receive for the services to be rendered by him under the provisions of this act such compensation as shall be allowed to him by the board of supervisors in said county." Laws 1858, c. 279. It is contended by the appellant that the decedent was authorized by this statute to act as surrogate in the absence of the county judge; and hence, that his right to so act was not dependent upon the provisions of section 2484 of the Code of Civil Procedure, nor restricted by the last paragraph of that section, which provides that, before an officer is entitled to act as prescribed in that section, proof of his authority must be made as prescribed in section 2487. Section 2484 provides: "Where, in any county, except New York or Kings, the of-

fice of surrogate is vacant or the surrogate is disabled, by reason of sickness, absence, or lunacy, and a special provision is not made by law for the discharge of the duties of his office in that contingency, the duties of his office must be discharged, until the vacancy is filled, or the disability ceases, as follows:" (1) By the special surrogate; (2) by the special county judge; (3) by the county judge; (4) by the district attorney. It will be observed that section 2484 provides who shall act in case of a vacancy, absence, or other disability, only where there is no special provision of law for the discharge of the duties of that office in such contingency. In Tompkins county, a local officer was elected to discharge the duties of surrogate in the absence of that officer. Hence we are disposed to adopt the appellant's theory that the provisions of section 2484 are not applicable in this case. Assuming, then, that the statute of 1858 conferred upon the decedent the authority to act as such surrogate independent of section 2484, the question arises whether section 2493 has any application to this case. That section provides that an officer who acts as surrogate, "as prescribed in the last nine sections," must be paid for the time he so acts a compensation equal *pro rata* to the salary of the surrogate or county judge. In this case the decedent acted as surrogate, not as prescribed by the sections of the Code relating to that subject, but independent of those sections, and under the provisions of the statute of 1858, which declared that he should receive for his services such compensation as the board of supervisors should allow. Therefore we are of the opinion that section 2493 of the Code of Civil Procedure is not applicable to this case, and that the decedent was entitled only to such compensation as was allowed by the board of supervisors. If, however, our conclusion that the provisions of the Code are not applicable in this case is wrong, still, as those provisions were not complied with, it is difficult to discover upon what theory the appellant is entitled to the relief sought. No proof of the authority of the decedent to act as such surrogate was given, nor order made, as required by sections 2487 and 2488 of the Code. We think the making of such proof and the obtaining of such an order was a condition precedent to the testator's right to act as such surrogate, if acting under the provisions of the Code; and that, at least as to him, his acts were so far unauthorized that he was not entitled to the compensation provided for by section 2493. But it is said that the act of 1889, (Laws 1889, c. 221,) which was a statute to legalize the official acts of the decedent performed between January 1, 1886, and January 1, 1889, by reason of any failure to make proof as to his authority, has by relation supplied the required authority for the acts of the decedent as such surrogate. By this statute his acts were legalized as to third persons, so far as the legislature could do so; but we think it was not its purpose or intent to change the *status* of the decedent so far as the question of compensation was concerned, nor do we think that such was the effect of the statute. There is also another reason why this order should be affirmed. Section 2493 provides that the officer or person therein mentioned "must be paid for the time during which he so acts a compensation equal *pro rata* to the salary of the surrogate or county judge." We think a fair construction of this provision requires us to hold that, even if entitled to compensation under the Code, the decedent was entitled only to such compensation while acting as such surrogate, and that he was not entitled to compensation when not so acting. The papers read on the motion in this case show that the testator acted during only a portion of the time for which he sought compensation. Therefore, in any event, his claim was for too much, and properly disallowed. *People* v. *Green*, 64 Barb. 162; *People* v. *Cady*, 2 Hun, 224. These considerations lead to the conclusion that the order should be affirmed. Order affirmed, with $10 costs and disbursements.