THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT C. SHOLES, Appellant, v. THE BOARD OF SUPERVISORS OF ONEIDA COUNTY, Respondent.

*Special surrogate of Oneida county — compensation thereof.*

nder the provisions of chapter 306 of the Laws of 1849, the special surrogate of the county of Oneida has power to perform the duties of the surrogate, in the absence from the county of that officer. His compensation is governed by the resolution of the board of supervisors of such county passed on December 30, 1887, in pursuance of the authority given by such act, and the provisions of sections 2484 and 2493 of the Code of Civil Procedure do not apply to the compensation of such special surrogate.

APPEAL by the plaintiff, The People of the State of New York, and by Herbert C. Sholes, the relator, from that portion of an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 8th day of January, 1892, dismissing the claim of the relator and denying him compensation for services rendered by him as special surrogate and for services rendered by him as acting surrogate of the county of Oneida during the absence of the surrogate thereof.

During the years 1888, 1889 and 1890 the relator was special surrogate of Oneida county. In each of those years the surrogate of the county was absent from the county a number of days, and

during those periods of absence the relator was by various orders of justices of the Supreme Court of the judicial district in which that county was situated, authorized and empowered to act as surrogate of the county and hold the Surrogate's Court therein, and held himself in readiness to so discharge the duties of surrogate of that county, and did discharge such duties and hold said court so far as he was called upon to do so. He also during those years acted as surrogate and held Surrogate's Court in three matters or proceedings in which the surrogate was disqualified from acting, and had filed a certificate of disqualification as provided by subdivision 1 of section 2487 of the Code of Civil Procedure.

On the 13th of November, 1890, the relator duly presented to the board of supervisors of the county an account and claim for services as acting surrogate during the times above stated. The board, however, refused to audit or allow the claim. Thereupon the relator applied for a mandamus. An alternative writ was granted to which the board made return. Upon the issues made by the alternative writ and the return the case was tried. Facts were found substantially as above stated, the dates of service being given in detail, all of which accrued prior to November, 1890. It was also found that on December 30, 1887, a resolution was adopted by the board of supervisors fixing at a certain amount the salary of the relator during his term of office; that the salary so fixed was paid to and received by the relator quarterly during his term; that he presented no bill for services as special surrogate while acting as surrogate to the board during their sessions for the years 1888 and 1889. It was also found that, pursuant to the statute giving the special surrogate the same power as the county judge out of court, the relator granted orders in a large number of proceedings and matters before him.

As matter of law the court decided that the relator was entitled to have allowed him a just compensation for his services as acting surrogate on the occasions when the surrogate was disqualified from acting, but was not entitled to have audited or allowed his claim for services on the occasions when the surrogate was absent from the county. A final order or judgment was entered on this decision, and the appeal is from so much thereof as adjudges that the relator is not entitled to be allowed his claim for services during the absences of the surrogate.

*H. C. Sholes*, in person, for the appellant.

*Harry S. Patten*, for the respondent.

MERWIN, J.:

The relator was elected under the provisions of chapter 306 of the Laws of 1849, which was passed in pursuance of the authority given by section 16 of article 6 of the Constitution. By section 1 of the act of 1849, provision was made for the election of a special surrogate in the county of Oneida and seven other counties, and power was conferred on such officers to discharge the duties of surrogate in their respective counties "in cases of vacancy or inability" of such officer. By section 2, as amended by chapter 108 of the Laws of 1851, they were given the powers of a county judge out of court. By section 3 of the original act it was provided that "such local officers shall receive for the services to be rendered by them under the provisions of this act, such compensation as shall be allowed to them respectively by the boards of supervisors in the said respective counties."

It is quite clear that, under this act, the relator had power to perform the duties of surrogate in the absence of that officer from the county. An inability then existed that the statute intended to provide for. If by virtue of that act the services in question were rendered, then the compensation provided for such services has been fixed and paid. The relator, however, claims that his services were performed by virtue of the provisions of section 2484 of the Code of Civil Procedure, and that he is entitled therefor, for the time that he acted, to a compensation equal, *pro rata*, to the salary of the surrogate, under the provisions of section 2493. To this it is replied that section 2484 applies by its terms only to cases where "special provision is not made by law for the discharge of the duties" of the office, and that, therefore, it does not apply here, as there was a special provision for the special surrogate to act in the contingency that happened.

Substantially the same question was considered by this court in *Matter of Tyler* (60 Hun, 566). The court was then of the opinion that sections 2484 and 2493 did not apply and that the officer was entitled only to such compensation as was allowed by the

board of supervisors, in the salary which they fixed. No good reason is apparent for now taking a different view.

Following the view taken in the *Tyler* case, the order or judgment, so far as appealed from, must be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Order or judgment, so far as appealed from, affirmed, with costs.