In the Matter of the Application of JOHN A. BARHITE for a Certiorari Order Directed to WILLIAM J. CALLISTER and Others, Members of and Composing the Board of Supervisors of Monroe County, New York.

Fourth Department, December 20, 1921.

Judges — special county judge of Monroe county acting as surrogate entitled to extra compensation under Code of Civil Procedure, § 2485 — rate of extra compensation same as that of surrogate — fact that special county judge received fixed salary did not deprive him of right to extra compensation — board of supervisors has no discretion as to audit of such claim — extra compensation not limited to difference between salary as special county judge and salary of surrogate.

The special county judge of Monroe county, receiving a statutory salary of $4,500 per year, is entitled to receive, while acting as surrogate in pursuance of the authority of sections 2478–2485 of the Code of Civil Procedure, in addition to his regular salary as special county judge, during the time which he so acted as surrogate, a compensation equal *pro rata* to the salary of the surrogate, which compensation must be audited and paid in like manner as the salary of the surrogate.

The board of supervisors has no discretion as to whether it will audit and allow a claim for such compensation, there being no dispute as to the number of days of service, or in the amount which it may allow.

The amount of compensation which the special county judge shall receive
as acting surrogate is not limited to the difference between his statutory
salary as special county judge and the salary of the surrogate.

CLARK, J., dissents.

CERTIORARI order granted by the Monroe Special Term
on the 15th day of October, 1921, directed to William J.
Callister and others, members of and composing the board
of supervisors of Monroe county, N. Y., commanding them
to certify and return to the office of the clerk of the county
of Monroe all and singular their proceedings had in disallowing
on October 3, 1921, the claim of the petitioner for compensation
for services as special county judge and acting surrogate of
Monroe county on certain days during the years 1916 and 1917.

*John A. Barhite*, for the petitioner.

*George Y. Webster*, for the defendants.

DAVIS, J.:

There is no dispute as to the facts. The petitioner during
the years 1916 and 1917 was the duly qualified special county
judge of Monroe county, receiving the statutory salary of
$4,500 per year. During the same period Selden S. Brown
was the surrogate of Monroe county, with a salary fixed by
law at $7,000 per year.

At different times during the years 1916 and 1917, to and
including the eighteenth day of February of the latter year,
the petitioner was legally authorized to and did act as surro-
gate, and performed the duties of that office, by reason of the
disqualification, absence or disability of the surrogate during
such period. The authority by which petitioner acted was
in every sense legal, and is not questioned. In his duties as
" special county judge and acting surrogate," he was engaged
for 158 days in the Surrogate's Court. For these services
he made claim for $19.18 per diem, which is the rate per day
of the surrogate's salary, and his claim totals $3,040.44.

This claim, itemized and duly verified, with evidence of
the authority by which he acted, was presented to the board
of supervisors on the 12th day of July, 1921. It was there-
after referred to the committee on law and local legislation
of such board, meetings were had between the committee,

the county attorney and the petitioner, with the final result that on the 3d day of October, 1921, the said committee and county attorney made a report to the board, stating in substance that they believed the legal question involved should be passed upon by the courts, and recommended that said bill be disallowed; and the report was unanimously accepted and sustained by the board, and the bill disallowed.

The matter is brought into this court on an order of certiorari to review the action of the board of supervisors, and we are called upon to decide the legal question as to whether the claim was a proper one. The precise question seems not to have been decided, and the briefs cite no cases pertinent to the issue.

The office of special county judge in Monroe county was created by chapter 368 of the Laws of 1864. By it an officer was elected to " discharge all the duties that may be discharged by a county judge at chambers, and the duties of county judge in said county in case of vacancy, or in case of the inability of the county judge to perform the duties of his office." The compensation allowed was to be such as the board of supervisors of Monroe county should determine. A supplemental act was passed in 1895 (Chap: 63) which enlarged the duties and provided that whenever in the opinion of the county judge the business of the County Court should so require, he might designate a term of County Court with or without a jury, to be presided over by the special county judge, and might order any cause or proceeding pending in said County Court to be heard before the special county judge, and full jurisdiction was thereupon conferred on said special county judge. By chapter 339 of the Laws of 1912 the salary was fixed by statute at $4,500 per year, beginning January 1, 1913.

It will be observed that the statutes quoted did not require him to perform any duties as surrogate. And further, by the enumeration of powers and duties and in the salary provided, it may be assumed that the special county judge had numerous and important duties to perform. In the case of disqualification or other disability of a surrogate, provision for the performance of his duties is made in sections 2478 to 2485 of the Code of Civil Procedure (now sections 8 to 15 of the Surrogate's Court Act). The special county judge is

the person under this law who is eligible to discharge the duties of surrogate in case of disqualification or disability of the surrogate of Monroe county.

Section 2485 of Code of Civil Procedure provides that an officer who acts as surrogate of any county in consequence of disability of the surrogate, or in a matter wherein he is disqualified, must be paid for the time during which he so acts a compensation equal *pro rata* to the salary of the surrogate. The amount of his compensation must be audited and paid in like manner as the salary of the surrogate. (See, also, County Law, § 12, subd. 4; Id. §§ 232, 233.) There seems to be no discretion vested with the board as to whether it will audit and allow the claim, or in the amount which it may allow. The statute is mandatory. The number of days in which service was rendered might, of course, be questioned; but no such issue is raised. The question presented here is unlike those in somewhat similar cases, where there was some special provision of law regarding the compensation of an acting surrogate. (*People ex rel. Sholes* v. *Supervisors,* 82 Hun, 105; *Matter of Tyler,* 60 id. 566.)

The only argument made on behalf of the defendants is, that to pay him the full amount of the salary for the time he acted as surrogate, and also permit him to receive the salary as special county judge, would result in his receiving a salary at the rate of $11,500 per year while he was acting as surrogate. It is argued that at the most he should be paid for his services only the difference between the salaries for both offices, so that his total salary would not exceed that of the surrogate; and that to allow the bill as claimed would be giving him excessive compensation.

The first answer to this argument is that it has no legal basis or justification. As already stated, the law is explicit. Second, the argument is essentially unsound. The relator was filling the office of special county judge and performing the duties of that office at the salary fixed by law. He was called upon to perform, temporarily, in addition to the duties of his own office, the duties of another officer where the salary was also fixed by law. It is not necessarily implied in election or appointment to office that the official will be required to devote his entire time to the duties of his office,

or to the public service. He is only required to devote such time as is necessary well and faithfully to perform those duties. The remaining time is his own to spend as he will. If he is called upon to perform other public duties, for which pay is provided, I know of no reason why he may not perform them and become entitled to the compensation which the law has provided. In this case, the petitioner will receive only the compensation which the law has prescribed for the officials who act in the respective capacities of special county judge and surrogate. To deduct anything or to disallow the claim totally, would be to require a salaried official to act without the pay the law allows him.

I think it is common knowledge that district attorneys, when called upon to perform the duties of surrogate, as the law prescribes, are paid the compensation to which they become entitled without question as to the amount of salary they are drawing in the office which they necessarily hold in order to qualify them to act as surrogate.

The writ should be sustained, and the determination of the board of supervisors in disallowing the claim of the relator is annulled, with fifty dollars costs, and the matter is remitted to the board of supervisors to audit and allow the claim of the relator as prescribed by law.

All concur, except CLARK, J., who dissents on the ground that the total salary of the special county judge acting as surrogate should not exceed the salary of the surrogate.

Certiorari order sustained, with fifty dollars costs and disbursements, determination of board of supervisors annulled, and matter remitted to the board of supervisors of Monroe county with directions to audit and allow the claim of the relator as prescribed by law.